ORDERED in the Southern District of Florida on 11/29/07.



Raymond B. Ray, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
www.flsb.uscourts.gov
Broward Division

In re:  Case No. 07-10093-BKC-RBR

Teresita Maria Balsinde,  Chapter 13

    Debtor.
_____/

### ORDER PARTIALLY OVERRULING OBJECTION

THIS MATTER came before the Court on October 18, 2007, upon the Debtor's Renewed Motion To Value Collateral [D.E. 68] and the Objection thereto filed by HSBC [D.E.71]. After the hearing the parties submitted a Stipulation of Facts and Issues [D.E. 79]. After considering the arguments of Counsel, the contents of the case file, and the relevant legal authorities, for the reasons below the Court partially overrules the Objection [D.E. 71] of HSBC.

FACTS:

The Debtor filed for Chapter 13 bankruptcy protection on January 8, 2007. At the time of filing the Debtor listed HSBC as a secured creditor.[D.E. 1, Schedule D]. HSBC holds a purchase money security interest in the Debtor's 2006 Nissan Frontier Truck. The Debtor listed the amount of debt owed to HSBC, as a result of the purchase, as $27,796.00. The Debtor also listed the truck as being worth $15,905.00. Thus HSBC is under secured according to the

Page 1 of 5

Debtor's schedules. The parties agree that HSBC holds a valid purchase money security interest in the truck. They further agree that the truck was purchased and the debt incurred on February 7, 2006. Thus the purchase falls within the 910 day period before the filing of the petition. The purchase also falls within the one year period preceding the date of the petition. Finally, the parties stipulate that the truck is a motor vehicle as defined in 49 U.S.C. §30102.

## LEGAL ANALYSIS:

The Debtor seeks to cram down the secured claim of HSBC. To this end the Debtor has filed his Motion to value the truck at $15,905.00. [D.E.68]. HSBC has lodged two objections [D.E. 71] based on the "hanging paragraph" of 11 U.S.C. §1325(a). The objections are based on two different readings of the hanging paragraph. The hanging paragraph reads:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the-910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1 -year period preceding that filing.

The first objection is the more conventional reading of the hanging paragraph. Under this reading of the paragraph three elements must be proven. First, there must be a purchase money security interest in a vehicle. Second, the debt must have been incurred within the 910 days prior to the petition. Finally, the vehicle must have been "acquired for the personal use of the debtor". *E.g In re Fletcher*, 2007 Bankr. LEXIS 3549 at *4 (Bankr. S.D. Fla. 2007); *In re: Press*, 2006 Bankr. LEXIS 2296 at *6 (Bankr. S.D. Fla. 2006).

The parties agree that the it is undetermined whether the debtor acquired the vehicle for his personal use. Therefore to the extent that HSBC objects to the Debtor's motion to value [D.E. 68] on the conventional reading of the hanging paragraph the Court will set the matter for further evidentiary hearing.

The second objection rests on a more creative reading of the hanging paragraph. HSBC has seized upon the last two lines of the hanging paragraph, which state "or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing." §1325(a). HSBC asks the Court to read the paragraph as follows: "section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt...if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing." §1325(a).

Under this reading §506 would unavailable to a debtor if: (1) a creditor held a purchase money security interest; (2) if the collateral "consists of any other thing of value"; and (3) the debt was incurred in the one year period preceding the filing. The sole issue before the Court is whether is a car can be considered "any other thing of value". This issue is purely an issue of law and as such it is ripe for the Court's determination.

It is "a commonplace of statutory construction that the specific governs the general." *Morales v. TWA*, 504 U.S. 374, 384 (1992); *Long Island Care at Home, Ltd. v. Coke*, 127 S. Ct. 2339, 2348. 168 L. Ed. 2d 54, 2007 U.S. LEXIS 7717, *23 (2007). This principle of statutory construction has been applied to the bankruptcy code. In *In re Consol. Yacht Corp.* Judge Mark denied a transferee of fraudulent conveyance recovery pursuant to 11 U.S.C. §503(b) for expenses relating to the preservation of the transferred asset. *In re Consol. Yacht Corp.*, 337 B.R. 711, 714 (Bankr. S.D. Fla. 2006). Judge Mark ruled that "only Section 550(e) specifically addresses the ability of a recipient of a fraudulent transfer to seek reimbursement for improvements it made to fraudulently transferred property... As a more general statutory provision, § 503(b) is trumped by § 550(e) for situations like this one where § 550(e) specifically applies." *id* at 715.

This same principle prevents the Court from adopting HSBC's reading of the hanging paragraph. The first section of the hanging paragraph specifically deals with motor vehicles. The parties stipulate that truck in question is motor vehicle as defined in the hanging paragraph.

Therefore, applying the canon of construction that "the specific governs the general" the second clause of the hanging paragraph is inapplicable to motor vehicles.

This reading is further supported by the text of the hanging paragraph itself. In order to adopt HSBC's reading the Court would have to ignore the word "other" in the phrase "any other thing of value". The word "other" is word that connotes differentiation. In this case the statute differentiates between motor vehicles and any other type of collateral. It is simply impossible to adopt HSBC's reading without ignoring the purpose and meaning of the word "other".

Finally, the cases that HSBC has submitted do not support its position, rather they support the reading adopted by the Court. In *In re Curtis*, the issue involved a tractor. *In re Curtis*, 345 B.R. 756, 758 (Bankr. D. Utah 2006). It was undisputed that the tractor was used for business purposes. *Id.* Therefore the only issue in *Curtis* was whether the lenders had to have purchase money security interests in the collateral. The Court ruled that they did. *Id* at 759-760.

The second case relied upon by HSBC is *In re Hickey*, 370 B.R. 219 (Bankr. D. Neb. 2007). This case also revolved around a tractor. *Id* at 220. The sole issue in the case was "does the language 'acquired for personal use of the debtor' as used in that paragraph apply only if the collateral is a motor vehicle or does it also apply to collateral that 'consists of any other thing of value'?" *Id.* The court held that it only applied to motor vehicles. *Id.* The *Hickey* court noted that the hanging paragraph creates two protected categories of secured debt, motor vehicles and all other things of value. *Id* at 221. The court then went on to state that the tractor is "clearly any other thing of value" and thus not a motor vehicle. *Id.* Accordingly, the court applied the second part of the hanging paragraph and did not permit the debtor to bifurcate the debt. *Id.*

Both of these cases support the Court's reading of the hanging paragraph. Both dealt with a tractor. A tractor does not meet the definition of motor vehicle as defined by section 30102 of title 49[1]. Accordingly, the motor vehicle/910 day requirements of the first part of the

---

[1] "motor vehicle" means a vehicle driven or drawn by mechanical power and manufactured primarily for use on public streets, roads, and highways, but does not include a

paragraph were inapplicable to those cases. In the case before this Court the collateral is a motor vehicle, therefore in order to prevent the Debtor from bifurcating the debt the requirements of the first part of the paragraph must be met.

Finally, the court notes that adopting HSBC's reading would give motor vehicle lenders who extend credit within one year of bankruptcy extra protection not contemplated by the code. They would have the traditional protection offered by the first part of the hanging paragraph and they would also be able to avoid the "personal use" requirement through the second part of the paragraph. If Congress had intended to remove the personal use requirement for motor vehicle loans incurred within one year of the filing date, they were certainly capable of saying so. There is nothing in the statute, as it is drafted, that would suggest that motor vehicle lenders are to be extended this added protection.

Based on the foregoing it is hereby,

**ORDERED and ADJUDGED** that Objection [D.E.71] to the Renewed Motion to Value Collateral [D.E. 68] is **PARTIALLY OVERRULED**, to the extent the objection relied on the "any other thing of value" language of the hanging paragraph. The Court reserves ruling on the whether the collateral was "acquired for personal use" pending further evidentiary hearing, which is to be set by separate order.

Copies furnished to:

Mitchell J Nowack, Esq
Teresita Maria Balsinde
Robin R Weiner, Trustee
Office of the US Trustee
HSBC Auto Finance, Inc
Robert S. Hoofman, Esq.

---

vehicle operated only on a rail line. 49 U.S.C. §30102.